■ In the Matter of KAREN H., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order entered in the Family Court, New York County, on August 11, 1975 placing appellant on probation with the condition that she attend Daytop Village, unanimously affirmed, without costs and without disbursements. We find no abuse of discretion in refusing appellant's Law Guardian's application for an adjournment of the dispositional hearing and therefore we affirm. (Family Ct. Act, § 749, subd [c]; see, also, *Zirn v Bradley,* 270 App Div 829; and *Matter of Case,* 24 AD2d 797.) No appeal has been taken from the determination adjudging appellant a juvenile delinquent. Appellant concedes that she needs supervision. The only matter in dispute is whether she should be permitted to continue to attend Julia Richman High School or whether she must attend Daytop Village as a condition of her probation. We have previously stayed the operative provisions of the order appealed from compelling attendance at Daytop. We were informed at argument that appellant has been attending Julia Richman High School since the date of our stay and doing well. We feel that under these circumstances and in the interests of justice she should be afforded an opportunity to convince the Family Court to permit her to continue at Julia Richman rather than Daytop. To that end, we continue our stay of the dispositional order with leave to respondent to apply for vacatur of the stay if appellant does not move promptly for such permission. Concur—Kupferman, J. P., Lupiano, Lane, Nunez and Lynch, JJ.